UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL LEE MYERS,                :
                                  :
        Plaintiff                 :   No. 4:CV-05-2234
                                  :
    vs.                           :   (Complaint Filed 10/31/05)
                                  :
DR. GADDIS, et al.,               :   (Judge Muir)
                                  :
        Defendants                :

**ORDER**

July 13, 2006

**Background**

On October 31, 2005, plaintiff, an inmate formerly confined in the State Correctional Institution, Waymart, ("SCI-Waymart"), Pennsylvania[1], filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. Named as defendants are the following SCI-Waymart employees, Doctor Gaddis, C.O. M. Scott, Sgt. Smith, Hearing Officer Kim Crow, Doctor Lindenmuth, C.O. Barrett, Sgt. Franks, and C.O. Winters. In his complaint, Myers alleges that on October 7, 2005, he was assaulted and thrown into a door. (Doc. No. 1, complaint). He claims that he suffered a leg and shoulder

---

[1] Plaintiff is currently housed in the State Correctional Institution, Albion, Pennsylvania.

injury and that he was "forced medication". Id. Finally, he alleges that he was "forced sexual contact." Id. For relief, plaintiff seeks compensatory damages as well as a transfer and to "stop the forced medication." Id.

On February 21, 2006, a motion to dismiss, or for a more definite statement was filed by defendants Scott, Smith, Crow and Barrett, along with a brief in support (Doc. Nos. 18, 19). Plaintiff was twice granted an opportunity to file a brief in opposition to defendants' motion to dismiss. (Doc. Nos. 21, 23). However, rather that file an opposing brief, on May 19, 2006, plaintiff filed an amended complaint. (Doc. No. 26).

Federal Rule of Civil Procedure 15(a) provides in part that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." This court initially notes that Rule 15 has a liberal amendment of complaint policy. Foman vs. Davis, 371 U.S. 178, 181-82 (1962). Furthermore, it is well-recognized that liberal standards are to be applied to pro se litigants. Haines vs. Kerner, 404 U.S. 519, 520 (1972). It is undisputed that plaintiff has not previously submitted an amended complaint or sought leave of court to do so.

A number of federal courts have ruled that "the filing of a motion does not constitute a 'responsive pleading' and therefore does not terminate the time within which a pleading may be amended as of right." 6 Charles Alan Wright et al., Federal Practice and Procedure § 1475, at 554-55 (2d ed. 1990) (footnote omitted); see also Washington vs. New York City Bd. of Estimate, 709 F.2d 792, 795 (2d Cir.), cert. denied, 464 U.S. 1013 (1983).

In Rekeweg vs. Federal Mut. Ins. Co., 27 F.R.D. 431, 434 (N.D. Ind. 1961), the district court concluded that a motion to dismiss was not a responsive pleading for the purpose of Rule 15. It stated that "the term 'responsive pleading' should be interpreted in the light of Rule 7(a) of the Federal Rules of Civil Procedure which defines 'pleadings' as including only the Complaint, the Answer, and the Reply." Id. at 434. The Court of Appeals for the Third Circuit has additionally recognized that "neither a motion to dismiss, nor a motion for summary judgment, constitutes a responsive pleading under Federal Rule of Civil Procedure 15(a)." Centifanti vs. Nix, 865 F.2d 1422, 1431 n.9 (3d Cir. 1989); see also Reuber vs. United States, 750 F.2d 1039, 1062 n.35

3

(D.C. Cir. 1984); Barksdale vs. King, 699 F.2d 744, 746-47 (5th Cir. 1983) (per curiam); McDonald vs. Hall, 579 F.2d 120, 121 (1st Cir. 1978) (per curiam). The proposed amended complaint will be accepted by the court. Furthermore, under Rule 15(a) when an amended complaint is filed it supersedes the original complaint. Thus, the pending motion to dismiss the original complaint, or for a more definite statement will be dismissed as moot.

On June 5, 2006, in response to plaintiff's amended complaint, defendants filed a motion to revoke plaintiff's *in forma pauperis* status, claiming that he has filed three prior civil rights suits which were ultimately dismissed for failure to state a claim, thereby barring permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). (Doc. No. 27). Thus, before plaintiff's amended complaint can be initially screened by this court, defendants' motion to revoke plaintiff's *in forma pauperis* status must first be resolved. For the reasons set forth below, defendants' motion will be granted and the plaintiff will be directed to submit the full filing fee.

4

**Discussion**

The Prison Litigation Reform Act of 1996 ("PLRA"), in an effort to halt the filing of meritless inmate litigation, enacted what is commonly referred to as the "three strikes" provision. Codified at 28 U.S.C. § 1915(g), the "three strikes" rule provides that an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in a civil action in forma pauperis "unless the prisoner is in imminent danger of serious physical injury." See 28 U.S.C. § 1915(g), and Abdul-Akbar vs. McKelvie, 239 F.3d 307, 312 (3d Cir 2001)(en banc). The "imminent danger" exception to § 1915(g)'s "three strikes" rule is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." Lewis vs. Sullivan, 279 F.3d 526, 531 (7th Cir.2002). "Imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. Abdul-Akbar, 239 F.3d at 312.

Dismissals of actions entered prior to the effective date of the PLRA are counted toward the "three strikes" referred to in 28 U.S.C. § 1915(g). See Keener vs. Pennsylvania Board of

5

Probation and Parole, 128 F.3d 143, 144-45 (3d Cir.1997)(holding that dismissals based on frivolousness before 1996 "are included among the three that establish the threshold for requiring a prisoner to pay the full docket fees unless the prisoner can show s/he is 'under imminent danger of serious physical injury'"). The "three strikes" provision does not bar disqualified inmates from filing additional actions, but it does deny them the opportunity to proceed in forma pauperis and requires them to pay the required filing fee.

Since 1995, Myers has initiated thirteen civil actions in this court. The following three actions, were dismissed for failure to state a claim upon which relief may be granted: Myers vs. Morgan, Civil No. 4:CV-95-1127 (M.D. Pa. March 4, 1996) (Muir, J); Myers vs. Dimott, Civil No. 4:CV-95-1335 (M.D. Pa. July 22, 1996) (Muir, J); Myers vs. Corbin, Civil No. 4:CV-99-0738 (M.D. Pa. Nov. 12, 2000)(Muir, J).

As for Myer's present action, there is no indication that plaintiff is in danger of imminent "serious physical injury". At the time he filed his complaint, Myers was incarcerated at SCI-Waymart. In his application to proceed in forma pauperis,

6

Myers generally states "death threats" and "assaulted by staff". (Doc. No. 2). He provides no other details, such as when such allegations occurred, or the names of those accused of the conduct. Id. Thus, without more, the Court finds that such allegations cannot be considered impending dangers about to occur. Abdul-Akbar, supra. Moreover, plaintiff is no longer housed at SCI-Waymart, and is, therefore, no longer in danger of those allegations.[2] Thus, he is not entitled to proceed in forma pauperis in this action pursuant to § 1915(g).

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to revoke plaintiff's in forma status, (Doc. No. 27) is **GRANTED.**

2. The Order of December 29, 2005, (Doc. No. 10), granting Myer's Application to Proceed

---

[2] To the extent that plaintiff makes a vague attempt at arguing that he is in danger at SCI-Albion, his present place of confinement, see Doc. No. 30, Ex. A, such allegations do not constitute imminent danger for the purposes of filing the instant action. Abdul-Akbar, supra. Plaintiff's allegations would constitute a new cause of action, which would be more appropriately filed in the United States District Court for the Western District of Pennsylvania for the convenience of the parties and in the interests of justice, since it appears that the defendants and the incidents complained of are within that district. See 28 U.S.C. § 1391(b).

> In Forma Pauperis is rescinded.

3. Plaintiff's Application to Proceed In Forma Pauperis, (Doc. No. 2 ) is **DENIED**.

4. Myers shall pay the remainder of the filing fee, or $159.51[3] within twenty (20) days from the date of this Order. The failure to timely pay the remaining filing fee shall result in the dismissal of the above captioned action without further notice for want of prosecution.

5. The Clerk of Court shall not accept for filing any motions in this civil action until the full $250.00[4] filing fee is paid.

6. Defendants' motion to dismiss, or for a more definite statement (Doc. No. 18) is dismissed as moot.

s/Malcolm Muir
MUIR
United States District Judge

---

[3] To date, a partial filing fee in the amount of $90.49 has been tendered to the District Court.

[4] Myer's action was filed prior to April, 2006, increase in filing fee.